## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **JANICE L. SLATER**, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **PEASE FAMILY 1990 TRUST;** | ) | |
| | ) | |
| **WILLIAM R. PEASE, as Trustee of the** | ) | |
| **PEASE FAMILY 1990 TRUST;** | ) | |
| | ) | **COMPLAINT AND JURY DEMAND** |
| **DONNA M. PEASE, as Trustee of the** | ) | |
| **PEASE FAMILY 1990 TRUST;** | ) | |
| | ) | |
| **DOLGENCORP, LLC**; and | ) | |
| | ) | |
| **FACILITYSOURCE LLC**; | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, Janice L. Slater, and for her cause of action against the Defendants, states and alleges as follows:

### JURISDICTION AND PARTIES

1. Plaintiff, Janice Slater (hereinafter referred to as "Janice"), is a resident of Pawnee County, Nebraska.

2. Defendant, Pease Family 1990 Trust, all times relevant herein was an owner of the real property commonly known as the Dollar General Store 16844 located at 626 17th St, Pawnee City, NE 68420 (hereinafter referred to as "the Premises"). The legal description of the Premises is Lot 30-31 & S 98' of Lot 29 in SW Section 23 Irregular Tract PC, as surveyed, platted and recorded.

3. Defendants William R. Pease and Donna M. Pease, at all times relevant herein were Co-

1

       Trustees of Defendant Pease Family 1990 Trust, and to the best of Plaintiff's knowledge reside in Discovery Bay, California.

4. Defendant, Dolgencorp, LLC is a Kentucky limited liability corporation, doing business as "Dollar General" in Nebraska, and at all times relevant hereto was the tenant with exclusive possession and control over the Premises under a lease agreement with the owner of the Premises.

5. Defendant, FacilitySource, LLC, is a Delaware limited liability corporation with a principal office located in Phoenix, Arizona and doing business in Nebraska. Upon information and belief, Defendant FacilitySource was responsible for the snow and ice removal on the Premises by contractual agreement with Defendant Dolgencorp. Upon information and belief, the contract between both Defendants provides for indemnity and insurance coverage for claims of negligence relating to the Premises.

6. This Court has jurisdiction over this cause of action under 28 U.S.C. § 1332 as the parties have complete diversity of citizenship and the amount in controversy exceeds $75,000.

7. Venue is proper in this District under 28 U.S.C. §§1391(b)(2).

## FACTUAL ALLEGATIONS

8. On or about February 23, 2018, at approximately 9:20 a.m., Janice drove on to the Premises and parked her vehicle in front of the main entrance doors of the store. When Janice was exiting her vehicle, she suddenly and unexpectedly slipped on ice and/or water that was on the Premises and she fell to the ground. As a result of the fall, Janice sustained injury to her right hip, right leg and lower back.

## ALLEGATIONS OF NEGLIGENCE

9. The Premises heretofore described, including the area in which Plaintiff was walking, was at all times relevant hereto under the exclusive control of Defendants and/or their agents.

10. Defendants were directly negligent in one or more of the following particulars:

    a. Defendants allowed the walkway on the Premises where Janice's injury occurred to accumulate ice and/or water and neglected to remove it, guard against it or adequately warn against it;

    b. Defendants failed to maintain adequate drainage or flow of water on the walkway of the Premises where Janice's injury occurred;

    c. The aforementioned icy and/or wet walkway was a dangerous condition upon Defendants' Premises which Defendants either created, knew of, or through the exercise of reasonable care would have discovered;

    d. Defendants should have realized that said dangerous condition involved an unreasonable risk of harm to persons such as Janice;

    e. Defendants should have expected that lawful entrants such as Janice would not discover or realize the danger or would fail to protect themselves against the danger;

    f. Defendants failed to use reasonable care to protect lawful entrants such as Janice against the danger; and,

    g. Defendant Dolgencorp was negligent in hiring, supervising and/or retaining Defendant FacilitySource to perform inspections and/or snow/ice removal services on the Premises.

      h.    Other ways to be proven at trial.

11. As a direct and proximate result of Defendants' negligence, as described in the preceding paragraphs, Janice suffered severe bodily injury and other economic and non-economic damages.

## DAMAGES

12. As a direct and proximate result of Defendants' negligence on February 23, 2018, Janice sustained physical injury and has suffered severe physical pain, mental anguish, discomfort and disability, some of which injuries are permanent in nature and which injuries include:

    a.    permanent aggravation of osteoarthritis in Janice's right hip that required conservative pain treatment and hip replacement surgery; and

    b.    lower back pain producing pain and numbness in her lower extremities.

13. As a direct and proximate result of Defendants' negligence, Janice suffered permanent physical disability and has suffered the permanent loss of her ability to enjoy and live life fully.

14. As a direct and proximate result of the Defendants' negligence, Janice has incurred medical expenses in an amount exceeding $67,449.96, and will incur future medical expenses in an amount unknown at this time.

15. As direct and proximate result of the Defendants' negligence, Janice has incurred lost wages in an approximate amount of $30,679.76, and will incur future lost wages expenses in an amount unknown at this time.

16. As direct and proximate result of the heretofore-described accident, Janice has incurred a loss of earning capacity since the accident and into the future.

17. As a direct and proximate result of the heretofore-described accident, Janice will suffer future pain, mental anguish, disability and diminished quality of life.

## PRAYER FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiff prays for judgment against the Defendants and an award of damages, costs and interest and all other damages as allowed by law. Plaintiff demands a trial by jury.

Dated: August 6, 2021.

JANICE L. SLATER, Plaintiff

BY: s/ Jennifer L. Turco Meyer_____
Jennifer L. Turco Meyer, #23760
Of Dyer Law, P.C., LLO
2611 S 117th Street
Omaha, Nebraska 68144
(402) 393-7529
jennifer@dyerlaw.com
Attorneys for Plaintiff